AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| PEDRO HERNANDEZ ET AL. | ) | **09 CV 1974** |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| CLASSIC VALET PARKING, INC., e ET AL. | ) | |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**   **JUDGE SWAIN**

To: *(Defendant's name and address)* CLASSIC VALET PARKING, INC., EXPRESS VALET PARKING SERVICE INC., JULIAN MARINO
92 North Ave. #200, New Rochelle, N.Y. 10801

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William C. Rand, Esq.
Law Office of William Coudert Rand
711 Third Ave., Suite 1505
New York, N.Y. 10017
(212) 286-1425

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: __MAR 0 4 2009__    _____
Signature of Clerk or Deputy Clerk

William Coudert Rand (WR 7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909
Co-Counsel
Jeffrey M. Gottlieb (JG 7905)
Dana L. Gottlieb (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
ATTORNEYS FOR PLAINTIFFS



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PEDRO HERNANDEZ,
Individually and on Behalf of All Other Persons
Similarly Situated,

                  Plaintiffs,

-against-

CLASSIC VALET PARKING, INC., EXPRESS
VALET PARKING SERVICE INC., JULIAN MARINO
And JOHN DOES # 1-10, Jointly and Severally,

                  Defendants.
-------------------------------------------------------------------X

**COLLECTIVE AND CLASS ACTION COMPLAINT**

09 Civ. _____

**Jury Trial Demanded**

Plaintiff PEDRO HERNANDEZ, through his attorneys, complaining of Defendants CLASSIC VALET PARKING, INC., EXPRESS VALET PARKING SERVICE INC., JULIAN MARINO And JOHN DOES # 1-10 ("Defendants"), allege as follows:

### NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as parking valets and other comparable

positions with different titles, that they are: (i) entitled to unpaid statutory minimum wages, wages from Defendants for work for which they did not receive compensation for all of the hours worked by them, for overtime work for which they did not receive overtime premium pay as well as misappropriated tips and/or gratuities (pursuant to New York Labor Law §196-d) (as set forth by *Samiento v. World Yacht, Inc.*, N.Y. Ct. of App., 2/14/08) and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself and other similarly situated current and former employees, that they are entitled to statutory minimum wages, back wages from Defendants for work for which they did not receive compensation for all of the hours worked by them as well as overtime work for which they did not receive overtime premium pay, spread of hours pay and uniform cleaning allowance, as required by New York Labor Law §§650 *et seq.*, including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and misappropriated tips and/or gratuities in violation of New York Labor Law §196-d.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§1332 and 1367.

4. The Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants' principal places of business are in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

7. Plaintiff PEDRO HERNANDEZ resides in Bronx County, New York.

8. Upon information and belief, Defendant, CLASSIC VALET PARKING, INC., is a corporation organized and existing in the State of New York, with its principle place of business located at 92 North Ave. #200, New Rochelle, N.Y. 10801.

9. Upon information and belief, Defendant, EXPRESS VALET PARKING SERVICE INC., is a corporation organized and existing in the State of New York with its principle place of business located at 92 North Ave. #200, New Rochelle, N.Y. 10801.

10. Upon information and belief, Defendant, JULIAN MARINO, owns, operates and/or controls the day to day operations and management of the corporate defendants and jointly employed Plaintiff and other similarly situated employees at all relevant times.

11. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New

York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with Defendants.

12. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

13. Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees; controlled Plaintiffs' work schedule and conditions of employment; determined the rate and method of their payment; and kept at least some records regarding their employment.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time from March 4, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were parking valet and other comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who received no compensation for all of the hours that they worked and/or minimum statutory wages and/or overtime at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and/or did not receive tips and/or

gratuities collected by Defendants for and on their behalf (the "Collective Action Members").

15. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 100 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

16. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

17. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

18. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c. whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

d. whether Defendants failed to pay the Collective Action Members for all of the hours worked by them and/or the statutory minimum wage and/or overtime compensation for hours worked in excess of forty hours per workweek in violation of the FLSA and the regulations promulgated there under;

e. whether Defendants required an improper tip sharing pool;

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendants should be enjoined from such violations of the FLSA in the future.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

20. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time from March 4, 2003 to the entry of judgment in this case (the "Class Period"), who were valet parkers and other comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid for all of the hours worked by them and/or who have not been paid proper statutory minimum wages and/or overtime wages and/or who did not properly receive tips and/or gratuities and/or did not receive uniform allowance and/or spread of hours wages in violation of the New York Labor Law (the "Class").

22. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 100 members of Class during the Class Period.

23. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

24. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

25. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

26. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

27. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a. whether Defendants employed the members of the Class within the meaning of the New York Labor Law;
>
> b. what proof of hours worked is sufficient where employers fail in their duty to maintain time and/or pay records;
>
> c. whether Defendants failed and/or refused to pay the members of the Class for all hours worked by them and/or statutory minimum wages and/or time and one-half for all hours worked in excess of forty hours per workweek and/or spread of hours pay and/or uniform cleaning allowance;
>
> d. whether Defendants withheld tips and/or gratuities within the meaning of the New York Labor Law in violation of New York Labor Law §196-d;
>
> e. whether Defendants requires members of the Class to participate in an improper tip sharing pool;

f. whether Defendants failed to post the notice required by New York Labor Law §198-d;

g. whether Defendants violated New York Labor Law §§ 191, 193 and/or 195;

h. whether the individual Defendants participated in the day to day management of Defendant and are "joint employers" and liable to Plaintiffs;

i. whether the Defendants' actions, as alleged, were willful or with reckless disregard of the law;

j. whether Defendants and Individual Defendants are liable to Plaintiffs for compensatory damages, interest, costs and disbursements and attorneys' fees;

k. whether the Statute of Limitations should be estopped or tolled due to Defendants' statutory violations; and

l. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

28. Plaintiff, Pedro Hernandez, has been employed by Defendants as a valet parker from about the winter of 2006 to December 2008.

29. Upon information and belief, Defendants failed to pay Plaintiff an allowance for the purchase, care and cleaning of his uniform that Defendants required him to wear during his employment for the Defendants.

30. Upon information and belief, Defendants charged, levied upon, assessed, imposed and/or collected from its customers tips or gratuities ("Gratuity").

31. Defendants are required by Labor Law §196-d to remit Gratuities in their entirety to their appropriate employees.

32. Upon information and belief, Defendants retained all or a substantial portion of the Gratuities that it received from customers without paying same to Plaintiffs and the other members of the class.

33. Upon information and belief, Defendants unlawfully redistributed part of Plaintiffs' tips to employees in positions that do no customarily and regularly receive tips.

34. Upon information and belief, Defendants imposed upon Plaintiffs and/or similarly situated employees a tip redistribution or sharing scheme to which they had never agreed.

35. Upon information and belief, Defendants did not pay Plaintiff and/or similarly situated employees spread of hours pay for shifts for which they worked 10 hours or more.

36. Upon information and belief, Defendants violated Labor Law §198-d by failing to post the notice related to gratuities and wage deductions as required by statute.

37. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

38. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

39.     Plaintiffs often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff and other parking valet employees for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate and/or failed to remit to Plaintiff and other similarly situated employees tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.

40.     Upon information and belief, it is Defendants' uniform policy and procedure not to pay compensation to Plaintiffs and other members of the class for all of the hours worked by them as well as overtime compensation, spread of hours pay, an allowance for the cleaning of their uniforms and/or to fail to remit to Plaintiffs and other members of the class tips and/or gratuities.

41.     Throughout the Class Period, Defendants have employed Plaintiffs and other individuals, like all of the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

42.     Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them for all of the hours worked by them as well as statutory overtime compensation of one and one-half times their regular hourly rate, spread of hours pay, uniform cleaning allowance and/or failed to remit to them tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.  As stated, the exact number of such individuals is presently

unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

43. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

44. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

45. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§203(a), (m), 206(a) and 207(a).

46. At all relevant times, Defendants employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

47. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

48. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

49. At all relevant times, Defendants had a policy and practice of refusing to pay its employees for all of their hours worked as well as overtime compensation for their

hours worked in excess of forty hours per workweek and/or failed to remit Gratuities received for and on their behalf.

50. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs, for all of the hours worked by them as well as overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek and the retention of Gratuities, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

51. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4.

52. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

53. Upon information and belief, Defendants unlawfully redistributed portions of the tips received by on for and on behalf of Plaintiff and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. §203(m) and supporting regulations.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

55.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation as well as overtime compensation and gratuities received and not remitted, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

56.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

58.     Defendants willfully violated Plaintiffs' rights by failing to pay them for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, spread of hours pay, an allowance for the cleaning of uniforms and/or failed to remit to them tips and/or gratuities, in violation of the New York Labor Law and its regulations.

59.     Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

60.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New

York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.3.

61. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation as well as overtime compensation, unpaid spread of hours pay, unpaid uniform cleaning allowance, unpaid tips and/or gratuities, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1). Plaintiff waives liquidated damages for the Class pursuant to the New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to

represent the Collective Action Members and tolling of the statue of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid compensation, overtime compensation and/or unpaid tips and/or gratuities under the FLSA and the New York Labor Law and spread of hours pay and uniform allowance under the NYLL;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay compensation for all hours worked as well as overtime compensation, improper wage deductions and failure to remit gratuities pursuant to 29 U.S.C. § 216;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i. An Order extending the statute of limitations under the FLSA to the date six years prior to the filing of the complaint as a result of Defendants' failure to post notice that its parking valet employees were entitled to minimum wage and overtime; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
March 4, 2009

> LAW OFFICE OF WILLIAM COUDERT RAND
>
> By: *WAC. P*
> William Coudert Rand (WR 7685)
>
> 711 Third Ave., Suite 1505
> New York, New York 10017
> Telephone: (212) 286-1425
> Facsimile: (212) 599-7909
> Co-Counsel
> Jeffrey M. Gottlieb (JG 7905)
> Dana L. Gottlieb (DG-6151)
> GOTTLIEB & ASSOCIATES
> 150 East 18th Street, Suite PHR
> New York, New York 10003
> Telephone (212) 228-9795
> **ATTORNEYS FOR PLAINTIFFS**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Classic Valet Parking, Inc., Express Valet Parking Service, Inc. to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  02-06-09   Pedro Hernandez
Signature                   Date       Print Name